Ray V. STARCHMAN and Imogene
Starchman, Appellants,

v.

BILL STOFFLE FORD, INC., Defendant.

No. WD 30807.

Missouri Court of Appeals,
Western District.

Aug. 4, 1980.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 1, 1980.

James B. Chancellor, North Kansas City,
for appellants.

Stephen G. Scholl, Thomas V. Bender, F.
Allen Speck, Kansas City, for defendant.

Before KENNEDY, P. J., and PRITCH-
ARD and SWOFFORD, JJ.

KENNEDY, Presiding Judge.

The issue in this case is the propriety of
the trial court's ordering specific perform-
ance of an agreement for the settlement of
a damage suit brought by appellants
Starchman against William J. Stoffle and

Bill Stoffle Ford, Inc. We affirm the trial court's decree of specific performance.

The original suit was one for damages for unlawful conversion by Stoffle of the Starchmans' 1972 Rambler Ambassador. The automobile had been repaired by Stoffle after an accident, and released to Starchmans. The Starchmans were dissatisfied with the repair job and returned the car to Stoffle. Stoffle this time, apparently asserting a possessory lien, refused to surrender the car to the Starchmans. These events took place in the latter part of 1973 and the early part of 1974. The suit was commenced April 8, 1974.

The settlement agreement, which was agreed upon in March, 1976, called for Stoffle, in addition to paying $3,000 cash and costs of litigation, to make certain specified repairs on the car. The Starchmans testified that they were notified by their attorney in the same month that the repairs had been completed, and they and he went to a neutral location, a certain Standard station, to inspect the same. Some of the repairs, they and their attorney testified, had not been completed. The next day, March 22, the Starchmans instructed their attorney to abandon the settlement and proceed with the damage suit. Defendants Stoffle countered with a "motion for specific performance of settlement agreement". A hearing was had upon said motion, which resulted in the decree of specific performance.

*Substantial performance by proponent of specific performance.*

■ Appellants Starchman advance four reasons which they say the decree of specific performance is wrong and ought to be reversed. The first two reasons rest upon their contention that Stoffle failed to repair and automobile as required by the settlement agreement. This failure to make the repairs required by the settlement agreement, they say, was a material breach thereof, and it was also "inequitable conduct" which bars the relief of specific performance. *Friederich v. Union Electric Light & Power Co.*, 336 Mo. 1038, 82 S.W.2d 79, 85 (Mo.1935).

Stoffle answers that the repairs were substantially completed; and that they were prevented and excused from completing the repairs by the repudiation by Starchmans of the settlement agreement. *Miran Investment Co. v. Medical West Building Corp.*, 414 S.W.2d 297, 303–4 (Mo. 1967); *Landau v. St. Louis Public Service Co.*, 273 S.W.2d 255, 259–260 (Mo. banc 1954); *Citizens State Bank of Nevada v. Wales*, 469 S.W.2d 750, 757 (Mo.App.1971).

The court found for Stoffle on this point, and there was, we find, substantial evidence to support his finding. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The Starchmans' complaints were that the interior of the car and of the motor compartment had not been cleaned, that the air conditioner did not work, and that the brake drums showed no evidence of recent work. (The settlement contract, however, required no work on the brake drums, but only on the cylinders, a different part.) Most of the items on the repair list had been completed, at an "internal cost", as Stoffle testified, of $243.43. He meant cost to Stoffle, and would be less than the same parts and services charged to a customer. In contrast, the retail value of the cleaning would be $15. An additional $76.30 was spent in getting the car inspected and making repairs disclosed by the inspection. There is an item "Repair A/C" listed on a Stoffle repair order, followed by the unexplained notation, "NTF". The court's decree requires completion of all repairs called for in the settlement contract, and the court will see to it that the air conditioner is placed in working order.

*Unreasonable or disproportionate hardship on party ordered to perform.*

■ The Starchmans then say that specific performance places upon them an unreasonable or disproportionate hardship, citing *Landau v. St. Louis Public Service Co., supra* at 259. They say that the lapse of time—from March, 1976, when the settlement agreement was repudiated, till the trial on January 19, 1979—caused a loss in the value of the automobile which they will have to bear if the specific performance

decree stands. In the meantime, Stoffle had been in possession of the automobile. The record does not show that the delay in trial is to be charged to Stoffle any more than to Starchmans. The trial court having found that the Starchmans' repudiation of the settlement agreement was not justified by any breach by Stoffle, the necessity for any additional litigation was caused by the Starchmans' repudiation. The lapse of time does not make the specific performance remedy improper. Stoffle testified that they were ready at all times and continue to be ready to perform the other terms of the settlement agreement, including surrender of the car to the Starchmans, the payment of $3,000 cash and the payment of litigation costs. Stoffle testified that the car had been driven to the courthouse the day of the hearing. It was introduced in evidence and the trial judge viewed it. Stoffle testified to repairs and maintenance of the retail value of $156.68 to get it in running condition again in preparation for the trial.

*Misrepresentation and mistake inducing contract; scope of review.*

■ The Starchmans go ahead to say, as a fourth reason that specific performance ought to be denied to Stoffle, that the settlement agreement was induced by misrepresentation and mistake and that they were entitled to repudiate the settlement agreement on that ground. The claimed "misrepresentation and mistake" was that the original repairs made by Stoffle were incomplete in that a door did not fit the opening—that there was an inch gap at the top and at the bottom. Mr. Starchman said he did not notice this defect when he inspected the car for the purpose of making up the list of repairs to be included in the settlement agreement, else he would have included it in the list. Mr. Stoffle testified, on the other hand, that the door had been properly repaired originally, and the insurance adjuster had approved the repairs. The trial court was supported therefore in its conclusion that this factor did not disentitle Stoffle from specific performance of the settlement agreement.

*Trial court's discretion in granting specific performance.*

■ We conclude that the trial court was well within its discretionary powers to grant specific performance in this case. *Zoellner v. Carty*, 585 S.W.2d 289, 291 (Mo. App.1979); Restatement of Contracts, § 359 (1932).

*Conclusion.*

The judgment is affirmed.

All concur.